(No. 3880—

MARIE PETERSON, Claimant,. *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1946.*

JOSEPH W. KOUCKY, of Chicago, for claimant.

GEORGE F. BARRETT, Attorney General, and WILLIAM L. MORGAN, for respondent.

ECKERT, C. J.

Claimant, Marie Peterson, filed her complaint on October 3rd, 1944 alleging that on August 23, 1944, while in the employ of the respondent at the Chicago State Hospital, and while in the discharge of her duties attending a patient, she slipped and fell, sustaining injury to her coccyx and back. The complaint contains the necessary allegations as to notice, and prays for an award for total temporary disability, for loss of use of both legs, and for complete and permanent disability.

Claimant, testifying on her own behalf, stated that while attempting to assist a patient in an epileptic seizure, she fell to the floor, injuring her coccyx; that she was then taken to Dr. Cohen, a member of the hospital staff, and was hospitalized for two weeks. Upon her release from the hospital, she returned to her home, and received no further medical treatment. When asked

whether she had returned to work, she stated she had not because "I am not doing as good as I could be. I was for a while. I feel pretty good and for the last two weeks I seem to have more pain again." She stated that her pain was at the bottom of her spine; that sometimes it is more severe while walking or working; that "it kind of bothers my back here, and I have that for the last week and a half."

Dr. Albert C. Field, called as a witness for claimant, testified that he examined claimant on December 28, 1944 and found some rigidity in the gluteal region which increased on palpations over the coccygeal region; that the tip of the coccyx is turned over; that an X-ray which he took showed a fracture of the lower end of the coccyx. He further stated that these palpations showed pains which involved involuntary muscle spasms, indicating an inflammatory condition in the region of the coccyx. Dr. Field then indicated that claimant should be re-examined, having in mind an operation to remove the coccyx.

Dr. Benjamin Cohen, testifying on behalf of respondent, stated that he examined claimant immediately after the accident, and ordered an X-ray, which showed a fracture of the fifth sacral segment, with slight anterior displacement of the distal fragment. He stated that claimant was in the hospital from August 23rd until September 11th when she was discharged with the recommendation that if she continued to have difficulty in the region of the coccyx, she could be sent to the Illinois Research Hospital for further examination, and possible surgery. He testified that claimant never asked for such examination, but that ten days prior to the hearing she asked him whether or not she needed surgery. He examined her at that time, told her she should return to work, but advised her not to do any heavy lifting. The hearing

was then continued to permit examination of claimant at the Illinois Research Hospital.

At the second hearing, which was held approximately five months after the first, claimant testified that she had been to the Illinois Research Hospital, was examined, and was told that an operation on her back was not advisable. She also testified that her back still ached, and her legs "still give me trouble". No further testimony was taken.

It is clear from the record that claimant sustained an injury to her back arising out of and in the course of her employment. From the medical testimony it also appears that claimant's alleged discomfort could be relieved by a comparatively simple operation. Claimant, although testifying that she was advised against such an operation, produced no medical testimony to indicate whether the operation would not in fact relieve the discomfort, or whether her condition was such that the operation was unnecessary.

Claimant seeks an award for total permanent disability. It is clear from the record, however, that she is not totally disabled; it is undisputed that she could and should return to her former employment, except that she should not attempt heavy lifting. No award can therefore be made for complete disability.

Nor can an award for partial incapacity be made. Section 8 (d) of the Workmen's Compensation Act of this State provides that compensation for partial incapacity shall be determined by the difference between the average amount which an employee earned before the accident, and the average amount which the employee is earning or is able to earn in some suitable employment or business after the accident. The record in this case shows only that claimant could return to her work at the Chicago State Hospital. The court can not guess whether

.or not her salary would be more or less than that earned prior to the injury.

The record contains no evidence whatever of any injury to, or the loss of use of either of her .legs. That allegation of the complaint is wholly unsupported. The claimant has failed to sustain the burden of proof imposed upon her by the Workmen's Compensation Act.

An award is, therefore, denied.

A. M. Rothbart, Court Reporting Service, has filed a claim for taking and transcribing the testimony in this case. The charges in the amount of $28.00 are fair, reasonable, and customary. An award is, therefore, entered in favor of A. M. Rothbart Court Reporting Service, in the amount of $28.00.